UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DEREK MORTLAND,                )        CASE NO.:
                              )
          &                   )        JUDGE:
                              )
SPENCER NEAL,                 )        **COMPLAINT FOR INJUNCTIVE**
                              )        **RELIEF AND DAMAGES:**
          Plaintiffs,         )
                              )
vs.                           )        **1ST CAUSE OF ACTION:** For Denial of
                              )        Access by a Public Accommodation in
GURKIRPA HOSPITALITY LLC,     )        Violation of the Americans with Disability
                              )        Act of 1990 ("Title III" and "ADA"),
          Defendant.          )        42 U.S.C. §§ 12181 *et seq.*
                              )
                              )        **2ND CAUSE OF ACTION:** For Denial of
                              )        Access by a Public Accommodation in
                              )        Violation of Michigan persons with
                              )        Disabilities Civil Rights Act M.C.L.
                              )        37.1301, *et seq.*
                              )
                              )        **3RD CAUSE OF ACTION:** For Breach of
                              )        the Michigan Consumer Protection Act.

    Plaintiffs Derek Mortland and Spencer Neal Complain of Defendant Gurkirpa Hospitality

LLC, and allege as follows:

**INTRODUCTION:**

    1.    This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiffs are members of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiffs access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, the Michigan Persons with

2102026 COMPLAINT - QUALITY INN - 1

Disabilities Civil Rights Act M.C.L 37.1301, *et seq*., and the Michigan Consumer Protection Act.

2.      Plaintiffs Derek Mortland and Spencer Neal are persons with physical disabilities who, on or about June 15, 2025, through June 16, 2025 (Mortland), and August 17, 2025, through August 18, 2025 (Neal), were invitees, guests, patrons, or customers at Defendant's property, which houses the Quality Inn hotel, located at 204 Winston Drive, Marshall, MI 49068. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Michigan legal requirements, and Mr. Mortland and Mr. Neal suffered violations of their civil rights to full and equal access and were embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Michigan law, whose goals are closely tied with the ADA including but not limited to violations of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Marshall, County of Calhoun, State of Michigan and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.      Plaintiffs Derek Mortland and Spencer Neal are "physically handicapped persons," "physically disabled persons," and "persons with physical disabilities." (Hereinafter

2102026 COMPLAINT - QUALITY INN - 2

the terms "physically disabled," "physically handicapped" and "persons with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Mortland and Mr. Neal are "person with physical disabilities," as defined by all applicable Michigan and United States laws. Mr. Mortland and Mr. Neal require the use of wheelchairs to travel about in public. Consequently, Mr. Mortland and Mr. Neal are members of that portion of the public whose rights are protected by federal and state accessibility law.

6.  Defendant Gurkirpa Hospitality LLC, a Michigan limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the Quality Inn hotel, a public accommodation, located at/near 204 Winston Drive, Marshall, MI 49068, and subject to the requirements of Michigan state law requiring full and equal access to public facilities pursuant to the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.  At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Quality Inn hotel as a public facility at/near 204 Winston Drive, Marshall, MI 49068.  The business, a Quality Inn hotel, is open to the general public and conducts business therein.  The business operating on said premises is a public accommodation subject to the requirements of federal and state accessibility law.

8.  At all times relevant to this complaint, Defendant is the landlords/lessors,

tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 204 Winston Drive, Marshall, MI 49068. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201**      **General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiffs do not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained about. Plaintiffs are informed and believe that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

2102026 COMPLAINT - QUALITY INN - 4

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, the Quality Inn hotel, located at 204 Winston Drive, Marshall, MI 49068. The Quality Inn hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq*. On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Quality Inn to handicapped access requirements.

11. Plaintiffs Derek Mortland and Spencer Neal are persons with a disabilities. Mr. Mortland and Mr. Neal are "physically disabled persons," as defined by all applicable Michigan and United States laws. Mr. Mortland and Mr. Neal are paralyzed and require the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Quality Inn as being handicapped accessible and handicapped usable.

13. For example, on its website, the Quality Inn hotel advertised that the hotel had the Following accessible amenities:

a. Accessible Hotel;

b. Assistive Listening Devices Available;

c. Public Entrance is accessible;

d. Route from accessible public entrance to registration area;

e. Accessible concierge desk.

14. On or about June 15, 2025, through June 16, 2025 (Mortland), and August 17, 2025, through August 18, 2025 (Neal), Mr. Mortland and Mr. Neal were invitees and guests at the subject Quality Inn hotel, arriving for purposes of obtaining lodging.

15.  Upon their arrival, during their patronizing of the public accommodation, and upon their exit of the facility, Mr. Mortland and Mr. Neal personally encountered architectural barriers which denied them the full and equal access to the property.

16. Therefore, at said time and place, Mr. Mortland and Mr. Neal, who are persons with disabilities, encountered the following inaccessible elements of the subject Quality Inn hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by Mr. Mortland and/or Mr. Neal:

**Breakfast Area**

a.   The juice dispensers in the breakfast area were mounted too high, exceeding the maximum reach range for a side approach, in violation of 2010 ADA Standards §308.3.2 and 1991 ADA Standards §4.2.6. As a result, Mr. Mortland and Mr. Neal were unable to independently access juice, limiting their ability to serve themselves and diminishing their autonomy during breakfast.

b.   The waffle irons were also positioned too high for a side approach, violating 2010 ADA Standards §308.3.2 and 1991 ADA Standards §4.2.6. This prevented Mr. Mortland and Mr. Neal from safely or independently using the waffle irons, restricting their breakfast options and further reducing their independence.

c.  The toaster was placed out of reach for a wheelchair user, contrary to 2010 ADA Standards §308.3.2 and 1991 ADA Standards §4.2.6. This meant Mr. Mortland and Mr. Neal could not use the toaster without assistance, which reduced their ability to prepare food independently.

d.  The batter cups were also too high for a side approach, violating 2010 ADA Standards §308.3.2 and 1991 ADA Standards §4.2.6. This prevented Mr. Mortland and Mr. Neal from accessing batter for waffles, further limiting his breakfast choices and self-sufficiency.

e.  The hot food tray, plates, and utensils were all placed too high, in violation of 2010 ADA Standards §308.3.2 and 1991 ADA Standards §4.2.6. As a result, Mr. Mortland and Mr. Neal were unable to reach essential breakfast items, impeding their ability to eat independently and comfortably.

f.  There were no accessible dining surfaces with proper knee and toe clearance, violating 2010 ADA Standards §226.1, §902, and 1991 ADA Standards §5.1. This meant Mr. Mortland and Mr. Neal could not sit at a table comfortably or safely, forcing them to eat in an awkward or unsafe position and denying them equal access to dining facilities.

g.  The coffee dispensers and cups were also too high for a side approach, in violation of 2010 ADA Standards §308.3.2 and 1991 ADA Standards §4.2.6. This prevented Mr. Mortland and Mr. Neal from serving themselves coffee, further diminishing their independence and enjoyment of the breakfast area.

**Pool and Spa**

h.  The pool lift was inoperable and could not be used, violating 2010 ADA Standards §242.2. This denied Mr. Mortland and Mr. Neal access to the pool, excluding them from recreational opportunities available to other guests.

i.  The spa lacked any accessible entry mechanism, in violation of 2010 ADA Standards §242.4. As a result, Mr. Mortland and Mr. Neal were unable to use the spa, further excluding them from amenities and relaxation options provided to other guests.

j.  The outdoor shower was noncompliant, lacking accessible controls and features as required by 2010 ADA Standards §608.6. This meant Mr. Mortland and Mr. Neal, even though they could not use the amenities even if they wanted to, could not use the outdoor shower, limiting their ability to clean up before and after using the pool or spa and reducing their overall comfort.

**Lobby**

k.  The counter surface in the lobby exceeded 36 inches in height, violating 2010 ADA Standards §904.4.1 and 1991 ADA Standards §7.2(1). This prevented Mr. Mortland and Mr. Neal from checking in or interacting with staff at the counter independently, creating a barrier to essential services.

l.  Card readers were placed over an obstruction greater than 34 inches tall, in violation of 2010 ADA Standards §308.3.2 and 1991 ADA Standards §4.2.6. This made it difficult for Mr. Mortland and Mr. Neal to use the card readers, impeding their access to services or their rooms.

m. Entry door floor mats were not secured in place, violating 2010 ADA Standards §302.2 and 1991 ADA Standards §4.5.3. Loose mats posed a tripping or rolling hazard, risking Mr. Mortland's and Mr. Neal's safety as they entered or exited the building.

n. Knee and/or toe clearance at the counter or table was not compliant, in violation of 2010 ADA Standards §306.2.1 and 1991 ADA Standards §4.32.3. This meant Mr. Mortland and Mr. Neal could not position their wheelchair properly at the counter, making transactions difficult or difficult.

**Public Restroom**

o. The room identification sign was not on the latch side of the door, violating 2010 ADA Standards §216.2 and 1991 ADA Standards §4.30.6. This made it difficult for Mr. Mortland and Mr. Neal to locate or identify the restroom independently.

p. The International Symbol of Accessibility (ISA) was missing from the restroom sign, in violation of 2010 ADA Standards §216.8 and 1991 ADA Standards §4.1.3(1). As a result, Mr. Mortland and Mr. Neal could not easily identify accessible facilities, leading to confusion.

q. The threshold at the restroom was greater than 1/2 inch high, violating 1991 ADA Standards §4.13.8. This created a barrier to entry, making it difficult or difficult for Mr. Mortland and Mr. Neal to enter the restroom.

r. The threshold had a vertical change greater than 1/4 inch, in violation of 2010 ADA Standards §404.2.5. This posed a risk of tipping or getting stuck, endangering Mr. Mortland's and Mr. Neal's safety.

s.  Water and drainpipes under the lavatory were not insulated, violating 2010 ADA
    Standards §606.5 and 1991 ADA Standards §4.19.4. This exposed Mr. Mortland and Mr.
    Neal to the risk of burns or injury while using the sink.

t.  The soap dispenser lacked adequate clear floor space for approach, in violation of 2010
    ADA Standards §305.3 and 1991 ADA Standards §4.2.4.1. This prevented Mr. Mortland
    and Mr. Neal from accessing soap, compromising their hygiene.

u.  The soap dispenser's operation mechanism was too high, violating 2010 ADA Standards
    §308.2.1. As a result, Mr. Mortland and Mr. Neal were unable to reach or use the soap
    dispenser.

v.  The required clear floor space at the water closet was not provided, in violation of 1991
    ADA Standards §4.16.2. This meant Mr. Mortland and Mr. Neal could not maneuver
    their wheelchairs to use the toilet.

w.  The space between the lavatory and toilet was too narrow, violating 2010 ADA Standards
    §604.3.2. This prevented Mr. Mortland and Mr. Neal from positioning their wheelchairs
    for a safe transfer.

x.  Required grab bars were not installed, in violation of 1991 ADA Standards §4.16.4. This
    meant Mr. Mortland and Mr. Neal could not safely transfer to or from the toilet,
    increasing their risk of falls.

y.  Accessible toilets lacked grab bars, violating 2010 ADA Standards §604.5. As a result,
    Mr. Mortland and Mr. Neal were denied essential support for safe use of the toilet.

z.  The toilet paper dispenser was not within the compliant range, in violation of 2010 ADA
    Standards §604.7. This prevented Mr. Mortland and Mr. Neal from reaching toilet paper
    while seated, compromising their hygiene and independence.

**Interior Accessible Route**

aa.  The middle carpet was not secured in place, violating 2010 ADA Standards §302.2 and 1991 ADA Standards §4.5.3. This created a rolling hazard, risking Mr. Mortland's and Mr. Neal's safety and impeding their movement through the facility.

**Room 115**

bb. The maneuvering clearance on the pull side of the door was less than 18 inches, violating 2010 ADA Standards §404.2.4.1 and 1991 ADA Standards §4.13.6. This prevented Mr. Mortland and Mr. Neal from opening or closing the door independently.

cc. The sliding door hardware was not exposed and usable from both sides, violating 2010 ADA Standards §404.2.7 and 1991 ADA Standards §4.13.9. This prevented Mr. Mortland and Mr. Neal from operating the sliding door, restricting their access within the room.

dd. The bathroom threshold was greater than 1/2 inch high, in violation of 1991 ADA Standards §4.13.8. This created a barrier to bathroom entry for Mr. Mortland and Mr. Neal.

ee. The bathroom threshold had a vertical change greater than 1/4 inch, violating 2010 ADA Standards §404.2.5. This posed a risk of tipping or getting stuck for Mr. Mortland and Mr. Neal.

ff.  The directional or informational sign was noncompliant due to insufficient character height, violating 2010 ADA Standards §216.3. This may have made it difficult for Mr. Mortland and Mr. Neal to read or identify important information.

gg. Water and drain pipes under the lavatory were not insulated, violating 2010 ADA Standards §606.5 and 1991 ADA Standards §4.19.4. This exposed Mr. Mortland and Mr. Neal to the risk of burns or injury while using the sink.

hh. The flush handle was on the wrong side of the toilet, in violation of 1991 ADA Standards §4.16.5. This prevented Mr. Mortland and Mr. Neal from reaching or operating the flush handle from the transfer side.

ii.  The flush control was on the closed side of the toilet, violating 2010 ADA Standards §604.6. This made it difficult for Mr. Mortland and Mr. Neal to flush the toilet independently.

jj.  The bathtub lacked required clear floor space for a seat at the head of the tub, in violation of 2010 ADA Standards §607.2. This prevented Mr. Mortland and Mr. Neal from transferring safely to the tub seat.

kk. The bathtub lacked a spray unit usable as both a fixed and hand-held shower, violating 1991 ADA Standards §4.20.6. This meant Mr. Mortland and Mr. Neal could not bathe independently or safely.

ll.  The bathtub lacked a hand-held spray unit with a 59-inch hose, in violation of 2010 ADA Standards §607.6. This prevented Mr. Mortland and Mr. Neal from using the shower from a seated position.

mm.     The soap dispensers were too high for side approach, violating 2010 ADA Standards §308.3.2 and 1991 ADA Standards §4.2.6. This prevented Mr. Mortland and Mr. Neal from accessing soap while bathing.

nn. The soap dispenser's operation mechanism was too high, in violation of 2010 ADA Standards §308.2.1. This made it difficult for Mr. Mortland and Mr. Neal to use the soap dispenser.

oo. The toilet was not correctly located from the side wall (19.25" instead of 18"), violating 1991 ADA Standards §4.16.2. This prevented Mr. Mortland and Mr. Neal from transferring safely to the toilet.

pp. The toilet was not within the allowed range from the side wall (19.25" instead of 16–18"), in violation of 2010 ADA Standards §604.2. This further impeded safe transfer for Mr. Mortland and Mr. Neal.

qq. The clear floor space at the water closet was not provided (42.5" instead of required width), violating 1991 ADA Standards §4.16.2. This prevented Mr. Mortland and Mr. Neal from positioning their wheelchairs for transfer.

rr. The space between the lavatory and toilet was too narrow (42.5" instead of 60"), in violation of 2010 ADA Standards §604.3.2. This made it difficult for Mr. Mortland and Mr. Neal to maneuver for a safe transfer.

ss. The rear grab bar did not extend adequately past the toilet on the wide side (17.5" instead of 24"), violating 2010 ADA Standards §604.5.2 and 1991 ADA Standards §4.17.6. This denied Mr. Mortland and Mr. Neal necessary support for safe transfer.

tt. The side grab bar did not extend far enough from the rear wall (48" instead of 54"), in violation of 2010 ADA Standards §604.5.1 and 1991 ADA Standards §4.17.6. This meant Mr. Mortland and Mr. Neal lacked adequate support for transfer.

uu. The toilet paper dispenser was less than 7" in front of the seat, violating 2010 ADA Standards §604.7. This prevented Mr. Mortland from reaching toilet paper while seated.

vv. The coat hook was mounted too high (50" instead of max 48"), in violation of 2010 ADA Standards §603.4. This prevented Mr. Mortland and Mr. Neal from hanging or retrieving items independently.

ww.       The heat lamp switch required tight grasping, pinching, or twisting, violating 2010 ADA Standards §309.4 and 1991 ADA Standards §4.27.4. This made it difficult for Mr. Mortland and Mr. Neal to operate the switch, limiting their control over room features.

xx. The route of travel did not provide a minimum width of 36 inches (only 28" between bed and dresser), violating 2010 ADA Standards §403.5.1 and 1991 ADA Standards §4.3.3. This restricted Mr. Mortland's and Mr. Neal's movement within the room and access to furniture and amenities.

yy. Drawer pulls required tight grasping, pinching, or twisting, in violation of 2010 ADA Standards §309.4 and 1991 ADA Standards §4.27.4. This prevented Mr. Mortland and Mr. Neal from opening drawers independently.

zz. The coffee maker, cups, and condiments were located over an obstruction greater than 34 inches tall, violating 2010 ADA Standards §308.3.2 and 1991 ADA Standards §4.2.6. This prevented Mr. Mortland and Mr. Neal from accessing these items, limiting his ability to prepare beverages.

aaa.       Knee clearance at the accessible table was not compliant (25" instead of 27" high), in violation of 2010 ADA Standards §306.3.3 and 1991 ADA Standards §4.32.3. This prevented Mr. Mortland and Mr. Neal from sitting at the table comfortably or safely.

bbb. Drape pulls were out of the maximum allowable reach range (55.5" instead of 48"), violating 2010 ADA Standards §308.3.1. This prevented Mr. Mortland and Mr. Neal from opening or closing the drapes independently.

ccc. Drape pulls were not accessible, requiring tight grasping, pinching, or twisting, in violation of 2010 ADA Standards §309.4 and 1991 ADA Standards §4.27.4. This made it difficult for Mr. Mortland and Mr. Neal to operate the drapes.

ddd. The floor lamp switch was out of reach (52" instead of 48"), violating 2010 ADA Standards §308.3.1. This prevented Mr. Mortland and Mr. Neal from operating the lamp independently.

eee. The floor lamp switch required tight grasping and pinching, in violation of 2010 ADA Standards §309.4 and 1991 ADA Standards §4.27.4. This made it difficult for Mr. Mortland and Mr. Neal to use the lamp, limiting their control over lighting.

**Other Guest Rooms**

fff. Upon information and belief, there were not enough accessible rooms with mobility features, violating 2010 ADA Standards §224.2. This prevented Mr. Mortland and Mr. Neal from reserving a room that met their specific needs, resulting in exclusion from appropriate accommodations.

ggg. Upon information and belief, accessible guest rooms were not dispersed among various classes of accommodations, in violation of 2010 ADA Standards §224.5 and 1991 ADA Standards §9.1.4(1). This denied Mr. Mortland and Mr. Neal a choice of room types, sizes, or amenities, limiting his options compared to other guests.

**Parking**

hhh. There were no accessible parking spaces in the lot on the lobby side, violating

2010 ADA Standards §208.2 and 1991 ADA Standards §4.1.2(5)(a). This prevented Mr. Mortland and Mr. Neal from parking near the entrance, increasing their travel distance and difficulty accessing the building.

iii.  Markings for access aisles at the back of the building were dilapidated, in violation of 2010 ADA Standards §502.3.3. This made it difficult for Mr. Mortland and Mr. Neal to identify accessible parking, risking improper use by others and potential loss of access.

jjj.  Striping for accessible parking spaces at the back was dilapidated, violating 2010 ADA Standards §502.2. The lack of clear markings could have led to misuse or blocked access, making it harder for Mr. Mortland and Mr. Neal to find or use accessible parking.

kkk.    The left accessible parking stall's access aisle had a built-up curb ramp with slopes greater than 2%, violating 2010 ADA Standards §502.4 and 1991 ADA Standards §4.6.3. This created a hazardous slope, making it difficult or unsafe for Mr. Mortland and Mr. Neal to exit or enter their vehicles.

lll.  The right accessible parking stall's access aisle also had a built-up curb ramp with excessive slope, in violation of 2010 ADA Standards §502.4 and 1991 ADA Standards §4.6.3. Mr. Mortland and Mr. Neal faced similar hazards and barriers as with the left stall, impeding their safe access.

mmm.    The right access aisle was less than 5 feet wide, violating 2010 ADA Standards §502.3.1 and 1991 ADA Standards §4.6.3. This meant Mr. Mortland and Mr. Neal did not have sufficient space to maneuver their wheelchairs, impeding their access to the building.

On personal knowledge, information and belief, other public facilities, elements, and mobility accessible guestrooms, too numerous to list, were improperly inaccessible for use by

2102026 COMPLAINT - QUALITY INN - 16

persons with physical disabilities.

17. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, either then, now or in the future.

18. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered damages as alleged herein.

19. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Mortland and Mr. Neal were denied their civil rights to full and equal access to public facilities. Mr. Mortland and Mr. Neal suffered a loss of their civil rights and their rights as a persons with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment, and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

20. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

2102026 COMPLAINT - QUALITY INN - 17

21. Mr. Mortland and Mr. Neal, as described herein below, seek injunctive relief to Require the Quality Inn hotel to be made accessible to meet the requirements of both Michigan law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the Quality Inn as a public facility. Plaintiffs seek damages for violation of their civil rights, from the date of their visits until such date as Defendant brings the establishment into full compliance with the requirements of Michigan and federal law.

22. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

23. Because of Defendant's violations, Mr. Mortland and Mr. Neal, and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiffs seek an order from this court compelling Defendant to make the Quality Inn hotel accessible to persons with disabilities.

24. Plaintiffs are informed and believe and therefore allege that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Quality Inn and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction,

modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Michigan.

25. On information and belief, the subject public facility of Quality Inn hotel denied full and equal access to plaintiffs and other persons with physical disabilities in other respects due to noncompliance with requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

26. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Quality Inn hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

27.     Plaintiffs will return to the subject Quality Inn to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail themselves of the hotel's services.

29.    Should the Quality Inn become accessible, Mr. Mortland and Mr. Neal will visit it again because they will travel through and/or to Calhoun County, Michigan in Spring, Summer and Fall, 2026.

30.    Furthermore, plaintiffs intend to return to the Quality Inn hotel on an annual basis, beginning in 2026, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

31.    Plaintiffs plead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide

2102026 COMPLAINT - QUALITY INN - 20

clear, strong, consistent, enforceable standards addressing
discrimination against individuals with disabilities; (3) to ensure
that the Federal government plays a central role in enforcing the
standards established in this act on behalf of individuals with
disabilities; and (4) to invoke the sweep of Congressional
authority, including the power to enforce the 14th Amendment and
to regulate commerce, in order to address the major areas of
discrimination faced day to day by people with disabilities.

34.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for

purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;

42  U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be
> necessary for the provision of the goods, services, facilities,
> privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in

policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.,* and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq*., making available damage remedies.

38. The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Quality Inn pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182

2102026 COMPLAINT - QUALITY INN - 22

(b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject Quality Inn occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that they are about to be subjected to discrimination in violation of §302. Plaintiffs cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiffs have not returned to Defendant's premises since the dates listed above, but

allege that Defendant has continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

## II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, ET SEQ.

44. Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 43 of this complaint.

45. At all times relevant to this action, the Quality Inn and the business therein, are "places of public accommodation" pursuant to M.C.L 37.1301(a).

46. Defendant committed an unlawful act pursuant to M.C.L 37.13019(a) by denying Plaintiffs their full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability, as prohibited by M.C.L. 37.1302.

47. Plaintiffs have desired and attempted to enjoy the goods and services at the Quality Inn hotel as customers. They have been prevented from doing so do to the existing architectural

2102026 COMPLAINT - QUALITY INN - 24

barriers at the property. As a result, they have been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in M.C.L. 37.1606.

48. As a result of being denied full access to the property, Plaintiffs have suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

49. Pursuant to Michigan law, plaintiffs are entitled to compensatory damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

## III.    THIRD CAUSE OF ACTION FOR VIOLATION OF THE MICHIGAN CONSUMERS PROTECTION ACT

50. Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraph 1 through 49 of this complaint.

51. By virtue of Defendant's unlawful conduct, including advertising that its hotel is accessible when it is not, Defendant has engaged in and continues to engage in, unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trader or commerce, in violation of the Michigan Consumers Protection Act M.C.L. § 445.903, *et seq.,* including, but not limited to:

a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services. ***

b. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have ***. ***

c. Representing that goods or services are of a particular standard, quality, or grade, or that

goods are of a particular style or model, if they are of another. \*\*\*

d. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

52. By virtue of Defendant's violation of the Michigan Consumers Protection Act, Plaintiff is entitled to all remedies provided for in M.C.L. § 445.911, including declaratory and injunctive relief, money damages, and recovery of its attorney's fees.

**PRAYER:**

Wherefore, Plaintiffs Derek Mortland and Spencer Neal pray that this court grant relief and damages as follows:

**I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**

1.   For injunctive relief, compelling Defendant to make its Quality Inn hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.   For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.   For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF MICHIGAN REVISED STATUTE TITLE XXXI, CHAPTER 354-A, *et seq.***

4.   For injunctive relief, compelling Defendant to make the Quality Inn hotel readily accessible to and usable by individuals with disabilities, per state law.

5.   General and compensatory damages according to proof;

2102026 COMPLAINT - QUALITY INN - 26

6.      All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7.      Attorneys' fees pursuant to Michigan law, if plaintiffs are deemed the prevailing party;

8.      For all costs of suit;

9.      Prejudgment interest pursuant to Michigan law; and

10.     Such other and further relief as the court may deem just and proper.

## III.   PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

11. For injunctive relief, compelling Defendant to stop making unfair, unconscionable, or deceptive advertisements about the accessibility of the Quality Inn hotel, and to make the hotel readily accessible to and usable by individuals with disabilities, per state law,

12. General and compensatory damages according to proof;

13. All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiffs and other persons with disabilities full and equal access.

14. Attorneys' fees pursuant to Michigan Law, if plaintiffs are deemed the prevailing party;

15. For all costs of suit;

16. Prejudgment interest pursuant to Michigan Law; and

17. Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, OH 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Derek Mortland & Spencer Neal